UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEPHEN ANTHONY BUSH,

              Petitioner,

v.                                         Case No. 5:05-cv-491-Oc-10GRJ

WARDEN, FCC COLEMAN - USP,

              Respondent.

_____

## <u>ORDER OF DISMISSAL</u>

This case is before the Court upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex challenging his 1999 conviction and life sentence in the Middle District of Florida, Orlando Division, for controlled-substance offenses.[1]

Petitioner attacks the validity of his conviction and sentence rather than the means of execution of his sentence.  Petitioner contends that he was sentenced for drug quantities that were neither charged in the indictment nor proven to a jury beyond a reasonable doubt, and that he is entitled to relief under <u>Apprendi v. New</u>

_____

[1] The Petitioner failed to identify the conviction for which he is incarcerated.  A search of the federal courts' PACER index revealed Petitioner's underlying criminal and collateral proceedings in the Middle District of Florida (Case Nos. 6:98-cr-241-Orl-19 and 6:00-cv-1282-Orl-19).

Jersey, 530 U.S. 466 (2000) and its progeny.[2]

The Court takes judicial notice that Petitioner has unsuccessfully pursued relief under 28 U.S.C. § 2255 in the sentencing Court.  Petitioner thus is expressly precluded by § 2255 from pursuing any remedies under § 2241.  Section 2255 states that an application such as this  "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]"

Petitioner contends, however, that he is entitled to relief under the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."   However, the unavailability of relief under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar does not demonstrate that  the § 2255  remedy  is  inadequate or ineffective.  Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).  In Wofford, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should

---

[2] See also Blakely v. Washington, 124 S.Ct. 2531 (2004) (maximum sentence for Apprendi purposes is sentence court could impose on basis of facts reflected in jury verdict or admitted by defendant); United States v. Booker, 125 S.Ct. 738 (2005) (applying Blakely to federal sentencing guidelines).

> have been raised in the petitioner's trial, appeal <u>or first</u>
> <u>§ 2255 motion</u>.

<u>Id</u>. (emphasis added).

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence."  <u>Id</u>. (citing <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

It is the law of this circuit that an <u>Apprendi</u>-<u>Blakely</u>-<u>Booker</u> claim is unavailable retroactively to cases pending on collateral review and, as stated, a successful savings-clause claim must be based on a retroactively applicable Supreme Court decision.  <u>See</u> <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir.), <u>cert.denied</u> ___ U.S. ___,126 S. Ct. 312 (2005); <u>Wofford</u>, 177 F.3d at 1244.  Petitioner therefore is not entitled to relief under § 2241 on the grounds presented in the Petition.

Accordingly, the Petition is **DISMISSED with prejudice** and the Clerk is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at  Ocala, Florida, this 24th day of January 2006..

_____

**UNITED STATES DISTRICT JUDGE**

3

c: Stephen Anthony Bush